# IN THE UNITED STATES DISTRICT COURT

for the Southern District of New York

| | | |
|---|---|---|
| The CITY OF NEW YORK<br>*Plaintiff,*<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>as Receiver for Signature Bank<br>*Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:24-cv-00629 _____ |

## COMPLAINT

Plaintiff the CITY OF NEW YORK (the "City"), by its counsel the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Complaint (the "Complaint") against the FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC"), as receiver for Signature Bank ("Signature"), respectfully alleges with knowledge of its own actions and on information and belief as to the actions of others, as follows:

## STATEMENT OF CLAIM

1.     The City brings this action pursuant to 12 U.S.C. § 1821 for a determination of the claim by the New York City Department of Finance (the "DOF") for New York City Business Corporation Tax (hereinafter the "Business Corporation Tax" and "Corporation Tax") by the defendant FDIC, as receiver for Signature Bank, and for reinstatement of DOF's claim.

## PARTIES

2.     Plaintiff is a municipal corporation organized under the laws of the State of New York. The City, through its agency the DOF, is authorized to administer and collect all taxes for the City pursuant to the New York City Charter § 1504. The principal office of DOF is located at 375 Pearl Street New York, New York 10038.

3.      Defendant is an independent agency of the United States created by the Federal Deposit Insurance Act (the "FDI Act"), 12 U.S.C. § 1811 et seq., and related laws and regulations. The FDIC acts, from time-to-time and among other things, as a receiver for banking institutions. The City brings this action against the FDIC solely in its capacity as receiver for Signature.

4.      Signature Bank was a New York-based full-service commercial bank with its principal place of business in New York, New York, with 40 private client offices located in the New York metropolitan area. Signature offered services to industries such as commercial real estate, private equity, mortgaging services, and venture banking, with additional subsidiaries of the bank providing financing and investment services. Signature had total assets of $ 110.4 billion as of December 31, 2022. On March 12, 2023, the New York State Department of Financial Services shut down Signature, and the FDIC was appointed as receiver for Signature.

## JURISDICTION AND VENUE

5.      This action arises under the FDI Act, 12 U.S.C. § 1811 et seq., as amended. The claims raised herein include, without limitation, a request for a determination against the FDIC's rejection, pursuant to 12 U.S.C. § 1821(d)(6), of the timely proof of claim dated June 29, 2023 (the "Proof of Claim") by virtue of the FDIC's notice of determination dated December 1, 2023 (the "Disallowance") disallowing the Proof of Claim. The statutorily prescribed proper forum for jurisdiction and venue for such a determination expressly includes the United States District Court for the Southern District of New York as the depository institution's principal place of business is located in that district. 12 U.S.C. § 1821(d)(6).

6.      This Court has jurisdiction over the subject matter of this action pursuant to 12 U.S.C. §§ 1819(b)(2)(A), 1821(d)(6) and 28 U.S.C. §§ 1331 and 1332.

7.      This Court also has jurisdiction over the state law claims of this action pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this Court pursuant to 12 U.S.C. § 1821(d)(6) and 28 U.S.C. § 1391(e).

9.      Judicial determination of a claim is provided pursuant to 12 U.S.C. § 1821(d)(6)(A), and under this section, this Court has jurisdiction to entertain the City's grounded claims for relief *de novo*.

## STATUTORY FRAMEWORK

10.     The FDIC is appointed receiver for financial institutions pursuant to 12 U.S.C. § 1821(c).

11.     Pursuant to 12 U.S.C. § 1821(d)(2)(A), the FDIC succeeds to title to the books, records, and assets of a financial institution when it is appointed receiver.

12.     In accordance with 12 U.S.C. § 1821(d)(5)(B), the receiver shall allow any timely claim which is proved to the satisfaction of the receiver.

13.     A claimant may seek judicial determination on such a timely claim by filing "suit on such claim . . . in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located . . . (and such court shall have jurisdiction to hear such a claim)". 12 U.S.C. § 1821(d)(6)(A).

14.     When a claimant seeks judicial relief, determination is by *de novo* determination of the claim under 12 U.S.C. § 1821(d)(6)(A), not a review of the administrative disallowance of the claim in accordance with 12 U.S.C. § 1821(d)(5)(E). *Muhammad v. FDIC*, 751 F.Supp.2d 114, 121 (D.D.C. 2010); *Brady Dev. Co. v. RTC*, 14 F.3d 998, 1003 (4th Cir. 1994).

15.     Disallowance of a claim is a final agency action. Judicial determination of a claim is provided pursuant to 12 U.S.C. § 1821(d)(6)(A), and thus under this section, this Court has jurisdiction to entertain the City's grounded claims for relief *de novo*.

## FACTS AND BACKGROUND

16.     Signature was a financial institution with a principal place of business located at 565 Fifth Avenue, New York, New York 10017.

17.     On March 12, 2023, the New York State Department of Financial Services shut down Signature, and the FDIC was appointed as receiver for Signature.

18.     The Corporation Tax is imposed pursuant to Chapter 6 of Title 11 of the New York City Administrative Code (the "NYC Admin Code").

19.     Signature is subject to the Corporation Tax as a result of its business activities within the City.

20.     Signature filed its New York City Forms NYC-2A business corporation tax returns with DOF for the 2015 through 2021 tax years (collectively the "Tax Returns"), and as such, Signature concedes it is subject to the Business Corporation Tax.

21.     Signature was under audit by the New York State Department of Taxation and Finance (the "State") for Tax Years 2015 through 2017, where the State investigated Signature's state returns for investment capital income and Business Allocation Factor. As a result of this audit, the State reclassified investment income into business income, leading to a tax adjustment. Additionally, Signature filed a New York State Amended Return for Tax Year 2017, claiming a refund of $ 17,567,647. The State denied this refund claim.

22.     Similarly to the State audit, Signature filed a New York City Amended Return for Tax Year 2017 claiming a refund request of $ 9,698,191, but the refund claim was rejected by DOF.

23.     Parallel to the State's audit of Signature, DOF audited the Tax Returns for Tax Years 2015 through 2017 to examine the reported Combined Entire Net Income ("CENI") defined as per NYC Admin Code § 652(8), particularly investment/capital income and Business Allocation

Percentage ("BAP") in the receipts factor. BAP is a formula that determines income allocable to New York City by comparing a taxpayer's City income to income from all sources when that taxpayer has operations both within and without the City.

24.     During the course of the audit, DOF was informed of Signature's failure and the FDIC receivership on March 12, 2023, and because of this, expanded its audit of Tax Years 2015 through 2017 to also include Tax Years 2018 to Tax Years 2021. The DOF audit on Signature ended July 20, 2023, and DOF asserted a tax deficiency against Signature for Tax Years 2015 through 2021 totaling $ 44,025,431.50. The audit comments for Tax Years 2015 through 2017 are attached as Exhibit A, and audit comments for Tax Years 2019 through 2021 are attached as Exhibit B.

25.     Upon request by DOF, Signature failed to respond or provide requested supporting documentation for the underreported BAP claimed on the Tax Returns pursuant to NYC Admin Code § 11-654(3)(a) and § 11-654.2. As such, due to the extraordinary circumstance of the bank failure and related failures to respond to DOF, DOF had to properly determine Signature's underreported City income allocation and adjust BAP by utilizing various methods including, but not limited to, a plain reading of the NYC Admin Code, historical averages, Signature's annual reports, State audit methods, and FDIC reports.

26.     During audit review, the auditor determined an increase of tax liability in Tax Years 2015 through 2017. The auditor used the above methods to determine the proper adjustments to Signature's investment/capital income, and BAP. DOF adjustments are noted in the audit comments, and based on these adjustments to BAP in the Receipts Factor per NYC Admin Code § 11-654.2, the result was additional tax liability due.

27.     After the scope of the audit was expanded to include open Tax Years 2018 through 2021 due to the bank failure, the DOF auditor similarly examined the reported CENI for Tax Years 2018 through 2021, and focused examination on the three following items: (1) bad debt deductions, (2) investment/capital income, and (3) BAP. DOF adjustments for these years are also noted in the audit comments, where it the auditor properly adjusted Signature's BAP using similar methods to Tax Years 2015 through 2017 as applied to Tax Years 2018 through 2021. As such, several adjustments were made to the BAP in the Receipts Factor per NYC Admin Code § 11-654.2, resulting in additional tax liability due.

28.     Additionally, DOF determined that there was a substantial understatement of tax liability, and applied a penalty per NYC Admin Code § 11-676.1 for Tax Year 2016, and for Tax Years 2019 through 2021.

29.     Specifically, the tax deficiencies determined during the course of the audit for Tax Years 2015 through 2021 are as follows:

| Tax Type | Calendar Year | Add'l Tax Due | Interest | Penalty | Total |
|---|---|---|---|---|---|
| Corporation Tax | 2015 | $ 191,568.00 | $ 128,746.65 | - | $ 320,332.65 |
| Corporation Tax | 2016 | $ 1,751,486.92 | $ 934,340.52 | $ 175,148.69 | $ 2,860,976.13 |
| Corporation Tax | 2017 | $ 9,981,028.22 | $ 112,460.79 | - | $ 10,093,489.01 |
| Corporation Tax | 2018 | $ 247,930.72 | $ 75,048.90 | - | $ 349,979.62 |
| Corporation Tax | 2019 | $ 4,498,207.50 | $ 915,336.37 | $ 449,820.75 | $ 5,863,364.62 |
| Corporation Tax | 2020 | $ 8,526,576.30 | $ 807,219.62 | $ 852,657.63 | $ 10,186,453.55 |
| Corporation Tax | 2021 | $ 12,760,570.47 | $ 314,208.40 | $ 1,276,057.05 | $ 14,350,835.92 |
|  |  | $ 37,984,368.13 | $ 3,287,379.25 | $ 2,753,684.12 | $ 44,025,431.50 |

30.     The FDIC stated on its website that a claim against the receivership must be filed on or before July 17, 2023 (the "Claims Bar Date").

31.     On June 29, 2023, the City timely filed with the FDIC a Proof of Claim pursuant to 12 U.S.C. § 1821(d). The Proof of Claim asserted a claim for tax deficiencies in the total amount of $ 44,025,431.50 consisting of a principal amount of $ 37,984,368.13, consisting of Corporation

Tax, interest to the date of the Proof of Claim in the amount of $ 3,287,379.25, and penalties in the amount of $ 2,753,684.12. Statutory interest continues to accrue. Additionally, based on the above adjustments determined during the course of the audit, DOF created audit workpapers supporting the tax deficiencies for Tax Years 2015 through 2021 and created a tax deficiency document. The tax workpapers for Tax Years 2015 through 2021 are attached as Exhibit C. The (1) Proof of Claim, (2) proof of filing via the FDIC Claim Portal, and (3) a tax deficiency schedule are incorporated herein by reference and attached hereto as Exhibit D.

32.     On December 1, 2023, the FDIC disallowed the City's Proof of Claim and stated that it was ". . . disallowed as not proven to the satisfaction of the Receiver." The Disallowance is incorporated herein by reference and attached hereto as Exhibit E.

33.     In the Disallowance dated December 1, 2023, the FDIC disallowed the claim and preemptively stated it would not agree to an administrative review, specifically stating, "While section 1821(d)(7)(A) of Title 12 of the United States Code provides that you may request an administrative review of the disallowance of your claim in lieu of filing or continuing any lawsuit, the FDIC must agree to your request for such a review. *The FDIC will not agree to any request for an administrative review of your disallowed claim.*" (emphasis added). Based on the FDIC statement in the Disallowance disallowing any administrative review, the City has exhausted all administrative remedies and must now seek relief in this Court through this Complaint.

34.     Pursuant to 12 U.S.C. § 1821(d)(6)(A), the FDIC's Disallowance triggered the City's right to "file suit on such claim in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)" within 60 days thereafter.

## CLAIM FOR RELIEF AND CAUSE OF ACTION

35.    The City incorporates by reference all prior paragraphs as if they were fully set forth herein.

36.    The FDIC was appointed as a receiver for Signature Bank on March 12, 2023, and thereupon assumed liability for tax claims against this entity.

37.    The City has a legitimate tax claim against Signature and is entitled to collect taxes due, and thus the FDIC, in its capacity as receiver for Signature, is liable for the claim amount, and as such the Disallowance was erroneous, arbitrary and capricious.

38.    The City seeks a declaratory judgment declaring the extent to which the FDIC have assumed those liabilities and ongoing obligations.

39.    As a direct and proximate cause of the Disallowance of the claim, the City has suffered and continues to suffer significant damages. As such, statutory interest on the unpaid tax continues to accrue.

**WHEREFORE**, the City respectfully requests:

(A) a judgment in their favor against the FDIC plus pre-and post-judgment interest, cost of suit, and attorneys' fees;

(B) the deemed Disallowance of the City's claim be reversed in the amount determined, plus pre-and post-judgment interest, cost of suit, and attorneys' fees incurred in connection with this action;

(C) that the claim be allowed in its entirety;

(D) a declaratory judgment declaring the extent to which the FDIC have assumed those liabilities and ongoing obligations; and

(E) that the Court award such other and further relief as it deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  January 29, 2024
        New York, NY

Respectfully submitted,

HON. SYLVIA O. HINDS-RADIX
  *Corporation Counsel of the*
  *City of New York*
Attorney for Plaintiff
100 Church Street, Room 5-225
New York, NY 10007
Phone: (212) 356-1000

By: _____
    Joshua G. Gamboa
    Assistant Corporation Counsel
    New York Bar #: 5489703
    Phone: (212) 356-2114

By: _____
    Adam C. Dembrow
    Assistant Corporation Counsel
    New York Bar #: 3960556
    Phone: (212) 356-2112